AO 91 (Rev. 11/11)  Criminal Complaint

FILED
Oct 18 2024
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Christopher Julian Medina ) | Case No. 3:24-mj-71511 MAG |
| ) | |
| ) | |
| ) | |
| ) | |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __October 16, 2024__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) | Distribution of carfentanil |

This criminal complaint is based on these facts:

See attached affidavit of HSI Special Agent Isaac Nodal

☑ Continued on the attached sheet.

/s/ Isaac Nodal
*Complainant's signature*

Isaac Nodal, HSI Special Agent
*Printed name and title*

Approved as to form by
AUSA Nicholas Parker

Sworn to before me by telephone.

Date: 10/17/2024

*Judge's signature*

City and state: San Francisco, CA

Hon. Peter H. Kang, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Isaac Nodal, Special Agent with Homeland Security Investigations, having been duly sworn, hereby declare as follows:

### INTRODUCTION AND PURPOSE OF AFFIDAVIT

1.   I make this Affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant charging Christopher Julian MEDINA with one count of distribution of a controlled substance—that is, a mixture and substance containing a detectable amount of carfentanil—in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), on or about October 16, 2024, in the Northern District of California.

### SOURCES OF INFORMATION

2.   Because this Affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that the violations of federal law identified above have occurred.

3.   I have based my statements in this Affidavit on my training and experience, personal knowledge of the facts and circumstances obtained through my participation in this investigation, information provided by other agents and law enforcement officers, and information provided by records and databases. I believe these sources to be reliable. Where I refer to conversations and events, I refer to them in substance and in relevant part rather than in their entirety or verbatim, unless otherwise noted. This Affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

### AFFIANT BACKGROUND

4.   I am currently employed by the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI), as a Special Agent. I have been so employed since December 2023, and I am presently assigned to HSI San Francisco's High Intensity Drug Trafficking Area – Transnational Narcotics Team. I have been cross designated by the DEA

which empowers me to investigate and make arrests for offenses under Title 21 of the United States Code, including as relevant here 21 U.S.C. § 841(a)(1) and (b)(1)(C). I am a graduate of the Federal Law Enforcement Training Center (FLETC), having graduated with certifications from the Criminal Investigative Training Program and Homeland Security Special Investigations Special Agent Training. While at FLETC, I received a total of 26 weeks of training and conducted investigations related to enforcement of the laws and regulations governing possession and distribution of controlled substances. My training and investigations have focused in relevant part on drug dealers and drug trafficking organizations suspected of distributing and conspiring to distribute drugs in violation of 21 U.S.C. §§ 841(a)(1) and 846.

5. As an HSI Special Agent, I have participated in a variety of drug-related enforcement actions as the team lead and in a supporting role. I have participated in debriefs of confidential sources and witnesses with personal knowledge of drug trafficking organizations. In addition, I have discussed with law enforcement officers and confidential sources the methods and practices used by drug traffickers. I have participated in many aspects of drug investigations including without limitation undercover operations, telephone toll analysis, financial analysis, records research, and physical and electronic surveillance. Moreover, I have assisted in the execution of federal and state search and arrest warrants related to illegal activities involving drugs that resulted in the arrests of suspects and seizures of drugs. Through my discussions with other law enforcement personnel and classroom and field training, I have become familiar with the methods used by drug traffickers to import, safeguard, and distribute drugs.

6. I am familiar with the facts and circumstances of this investigation through my participation in it, and based on several investigative techniques, including discussions with agents and officers from other law enforcement agencies. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, that statement is not being recounted verbatim but instead only in substance and in relevant part. I am not relying on facts not set forth herein, or in any attached exhibits, in reaching my conclusion that there is probable cause for the

requested criminal complaint and arrest warrant. Nor do I request that the Court rely on any facts not set forth herein in reviewing this application.

## APPLICABLE LAW

7. Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) prohibit any person from (among other things) knowingly or intentionally distributing, or possessing with intent to distribute, any controlled substance listed in Schedule I or Schedule II of the Controlled Substances Act. Carfentanil is a Schedule II substance under the Controlled Substances Act. *See* 21 C.F.R. § 1308.12.

## FACTS ESTABLISHING PROBABLE CAUSE

8. On or about October 16, 2024, at approximately 10:18 p.m., an undercover San Francisco Police Department (SFPD) officer (UC) was walking southbound on the east side of 6th Street in the Tenderloin District of San Francisco, California, when he was approached near the intersection of 6th and Stevenson Streets by a subject later identified as Christopher Julian MEDINA who spoke to the UC in Spanish. (The UC is a SFPD-certified Spanish interpreter.)

9. MEDINA, who was wearing red sweatpants, asked the UC if he wanted "iso," which I know from my training, experience, and conversations with other law enforcement officers is common street slang for a particularly strong grade of fentanyl. The UC asked MEDINA for "crystal," which I know from my training, experience, and conversations with other law enforcement officers is common street slang for methamphetamine. MEDINA responded that he only had fentanyl and asked the UC how much he wanted.

10. The UC negotiated a deal for $30 worth of fentanyl and handed MEDINA one $20 bill and one $10 bill. MEDINA then retrieved a clear plastic baggie containing a white substance from one of his pockets, and he placed some of the white substance on a digital scale that he also had on his person. After weighing the white substance, MEDINA handed it to the UC.

11. Following the hand-to-hand drug sale, the UC gave a pre-arranged arrest signal to surveilling officers, who relayed the signal to other officers. At that point, law enforcement personnel from DEA, HSI, and SFPD converged on MEDINA's position and arrested him.

12.  In a search incident to arrest, officers found the following items on MEDINA's person:

   a.   A digital scale;

   b.   A blue iPhone;

   c.   $202 in U.S. currency in various denominations; and

   d.   A small quantity of suspected fentanyl in clear plastic baggies.

13.  Officers subsequently weighed, and used a Tru-Narc Analyzer to conduct field tests of, the substances MEDINA (i) sold to the UC; and (ii) possessed on his person at the time of his arrest. Both substances tested presumptively positive for the presence of carfentanil, which I know from my training, experience, and conversations with other law enforcement officers is a synthetic opioid approximately 100 times more potent than fentanyl. Law enforcement officers will send the substances to a DEA laboratory for additional testing and analysis.

14.  The carfentanil MEDINA sold to the UC weighed 1.5 grams (gross weight) and is pictured below:



15.     The carfentanil MEDINA possessed at the time of his arrest weighed 2.7 grams (gross weight) and is pictured below:



**CONCLUSION**

16.     Based on the facts and circumstances set forth above, I submit there is probable cause to believe that, on or about October 16, 2024, in the Northern District of California, the defendant, Christopher Julian MEDINA, distributed a mixture and substance containing a detectable amount of carfentanil, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Accordingly, I respectfully request that the Court issue (i) a criminal complaint charging the defendant with that offense; and (ii) a warrant for the defendant's arrest.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

/s/ *Isaac Nodal*
ISAAC NODAL
Special Agent
Homeland Security Investigations

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 17th day of October 2024.

_____
HON. PETER H. KANG
United States Magistrate Judge